

SO ORDERED,

**Judge Neil P. Olack**
**United States Bankruptcy Judge**
**Date Signed: January 6, 2014**

**The Order of the Court is set forth below. The docket reflects the date entered.**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

JOSEPH R. PARKER,                                    CASE NO. 12-01324-NPO

DEBTOR.                                              CHAPTER 13

JOSEPH R. PARKER                                     PLAINTIFF

VS.                                        ADV. PROC. NO. 13-00032-NPO

BILLY RAY SMITH                                      DEFENDANT
D/B/A SMITH AUTOMOTIVE

### MEMORANDUM OPINION AND ORDER
### GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter came before the Court on the Plaintiff's Motion for Summary Judgment (the "Summary Judgment Motion") (Adv. Dkt. No. 33)[1] and the Plaintiff's Memorandum Brief in Support of His Motion for Summary Judgment (Adv. Dkt. No. 34) filed by Joseph R. Parker (the "Debtor") in the above-referenced adversary proceeding (the "Adversary"). The defendant, Billy Ray Smith d/b/a Smith Automotive ("Smith"), did not file a response to the Summary Judgment Motion. Edwin F. Tullos represents the Debtor; Smith is proceeding *pro se.* The Court, having

---

[1] Unless otherwise stated, citations to docket entries in the adversary proceeding, Adv. Proc. No. 13-00032-NPO, are cited as "(Adv. Dkt. No. ____)," and docket entries in the main bankruptcy case, Case No. 12-01324-NPO, are cited as "(Bankr. Dkt. No. ____)".

considered the pleadings, and being fully advised in the premises, finds that the Summary Judgment Motion should be granted.  Specifically, the Court finds as follows:[2]

## Jurisdiction

This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E) and (O).  Notice of the Summary Judgment Motion was proper under the circumstances.

## Facts

On April 18, 2012, the Debtor filed a petition for relief under chapter 13 of the U.S. Bankruptcy Code.  (Bankr. Dkt. No. 1).  The Debtor commenced this Adversary on April 24, 2013, because of his inability to obtain a certificate of title, a license tag, and liability insurance for a 1999 Jeep Cherokee (the "Jeep") that he purchased from Smith on February 21, 2012.

In his bankruptcy schedules, the Debtor listed Smith as a secured creditor (Bankr. Dkt. No. 3), and in his chapter 13 plan (the "Plan") (Bankr. Dkt. No. 6), he proposed to keep the Jeep and pay Smith $4,315.52, plus 7 percent interest.  The Court confirmed the Plan on June 15, 2012.  (Bankr. Dkt. No. 22).  Smith, after receiving notice of the Debtor's bankruptcy case, filed a proof of claim of $4,798.73[3] (Bankr. Cl. 5-1).  The Debtor then filed the Objection to Allowance of Claim (the "Objection") (Bankr. Dkt. No. 28) disputing the amount of Smith's claim.  Smith did not respond to the Objection, and the Court entered an Order (Bankr. Dkt. No. 31) disallowing Smith's claim of $4,798.73.

---

[2] The following constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

[3] Smith does not dispute that the Debtor has a legal or equitable interest in the Jeep or that the Jeep is property of the bankruptcy estate.  *See United States v. Whiting Pools, Inc.*, 462 U.S. 198, 203 (1983) (relying on definition of property of estate under 11 U.S.C. § 541).

Later, the Debtor filed a proof of claim (Bankr. Cl. 8-1) on Smith's behalf in the amount of $4,550.83. *See* FED. R. BANKR. P. 3004 (allowing a debtor to file a proof of claim when a creditor fails to do so). James L. Henley, the chapter 13 trustee (the "Trustee") filed a motion asking the Court to allow the late-filed claim filed by the Debtor on Smith's behalf. (Bankr. Dkt. No. 45). An order (Bankr. Dkt. No. 47) was entered allowing the Trustee to pay this claim through the Debtor's Plan.

The Debtor commenced the Adversary by filing a Complaint for Contempt of Court, Sanctions, and Other Relief (the "Complaint") (Adv. Dkt. No. 1). The Debtor alleges in the Complaint that Smith willfully violated the automatic stay pursuant to 11 U.S.C. § 362(a)(3)[4] and that the Debtor is entitled to injunctive relief and monetary damages against Smith. (Compl. ¶ 16).

Smith filed the Answer to Complaint (the "Answer") (Adv. Dkt. No. 5) asserting in the first paragraph that the Debtor purchased the Jeep "with full intention of defrauding his committment [sic] to Smith." (*Id.*). In general, Smith's Answer is a litany of wrongdoing by the Debtor and others. It consists of six (6) unnumbered paragraphs that do not specifically admit or deny the allegations in the Complaint. Under Rule 8(b)(6) of the Federal Rules of Civil Procedure, as made applicable by Rule 7008(a) of the Federal Rules of Bankruptcy Procedure, the effect of Smith's failure to deny the allegations in the Complaint, except any allegation relating to the amount of the Debtor's damages, is the admission of those allegations. FED. R.

---

[4] Section 362(a)(3) provides, in pertinent part, that "a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of . . . any act to obtain possession of property of the estate or of property from the estate or *to exercise control over property of the estate*." 11 U.S.C. § 362(a)(3) (emphasis added). From this point forward, references to code sections will be to the U.S. Bankruptcy Code found in title 11 of the U.S. Code unless otherwise noted.

CIV. P. 8(b)(6).  Accordingly, the Court takes judicial notice of the following admissions in the

Answer:

1.  Smith sold the Jeep to the Debtor on February 21, 2012 for $6,398.73.
(Compl. ¶ 4 & Ex. A).  The Debtor made a down payment of $1,600.00, and
Smith financed the balance due of $4,798.73.  (*Id.*).

2.  To secure repayment of the debt, the Debtor signed a retail installment
contract granting Smith a security interest in the Jeep.  (*Id.*).

3.  Although Smith delivered the Jeep to the Debtor at the time of the sale,
Smith never gave the Debtor the existing certificate of title or an application for a
new certificate of title indicating the change of ownership.  (Compl. ¶¶ 9-10;
Answer ¶ 6).

4.  When the existing license tag on the Jeep expired in February 2013, the
Debtor attempted to obtain a new tag, but he was unsuccessful in doing so
because he could not provide a certificate of title establishing his ownership of the
Jeep.  (Compl. ¶¶ 8-9, 12).  *See* MISS. CODE ANN. § 63-21-69 (prohibiting
issuance of license tag in the absence of a proper certificate of title).

5.  Because he could not provide a certificate of title establishing his
ownership of the Jeep, the Debtor also has been unable to purchase automobile
liability insurance.  (Compl. ¶ 9).

6.  In an effort to resolve the dispute amicably, counsel for the Debtor spoke
with Smith on two (2) occasions in March, 2013, but Smith remained steadfast in
his refusal to provide the Debtor with an application for a new certificate of title.
(Compl. ¶ 10).

Moreover, in the Summary Judgment Motion, the Debtor alleges that he was involved in

a two-car accident on August 2, 2013.  (Summ. J. Mot. ¶ 11).  The Mendenhall Police

Department issued the Debtor traffic tickets for driving the Jeep without a current license tag and

not having liability insurance.  (Summ. J. Mot. ¶ 11).

In addition to the above admissions in the Answer, the Debtor supports the Summary

Judgment Motion with unanswered Request for Admissions ("Request for Admissions") (Adv.

Dkt. No. 15, Ex. A) served upon Smith on June 18, 2013.  *See* FED. R. CIV. P. 56(c) (specifying

that admissions can be an appropriate basis for granting summary judgment).  Rule 36 of the

Federal Rules of Civil Procedure ("Rule 36"), made applicable to this Adversary by Rule 7036 of the Federal Rules of Bankruptcy Procedure, allows litigants to request admissions on a broad range of matters, including ultimate facts, the application of law to facts, and opinions about either. FED. R. CIV. P. 36(a)(1)(A); *Am. Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1118-19 (5th Cir. 1991).

Importantly, requests for admissions are deemed admitted if not answered within thirty (30) days. FED. R. CIV. P. 36(a)(3); *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (finding no genuine issue relying on default of material facts when defendant failed to respond to request for admissions). Moreover, any matter admitted by default under Rule 36 is deemed conclusively established unless the Court permits withdrawal of the admission. FED. R. CIV. P. 36(b). If the request for admissions concern an essential issue, the failure to respond can lead to a grant of summary judgment against the non-responding party. *Carney v. I.R.S. (In re Carney)*, 258 F.3d 415, 419-20 (5th Cir. 2001); *Dukes v. S.C. Ins. Co.,* 770 F.2d 545, 548-49 (5th Cir. 1985).

Turning to the Adversary, Smith was served with the Request for Admissions, as well as Plaintiff's First Set of Interrogatories and Request for Production of Documents (Adv. Dkt. No. 33, Ex. F) on June 18, 2013. On June 24, 2013, Smith wrote a letter to counsel for the Debtor in which he reiterated his stance as set forth earlier in the Answer. (Adv. Dkt. No. 33, Ex. G). Smith, however, did not serve a written answer or objection addressing any of the matters for which an admission was requested. On September 13, 2013, after the expiration of thirty (30) days from the date of service of the Request for Admissions, the Debtor filed a Motion to Deem

Facts Admitted (the "Rule 36 Motion") (Adv. Dkt. No. 15) asking the Court to find each request admitted by default.[5]  Smith did not file a written response to the Rule 36 Motion.

At a hearing on the Rule 36 Motion on September 23, 2013, Smith appeared and requested more time to respond to the Request for Admissions.  The Court granted Smith an additional thirty (30) days to serve a response and reset the hearing on the Rule 36 Motion for November 4, 2013.

Thereafter, Smith failed to file a response to the Rule 36 Motion or to the Request for Admissions, despite being granted the thirty (30)-day extension of time.  He also failed to appear at the second hearing on the Rule 36 Motion.  The Court, therefore, entered the Order on Plaintiff's Motion to Deem Facts Admitted (the "Rule 36 Order") (Adv. Dkt. No. 27) granting the Rule 36 Motion.  In the Rule 36 Order, the Court held that "[t]o the extent that the [Plaintiff's] Motion [to Deem Facts Admitted] requests that the Court deem admitted the matters contained within the request for admissions are 'statements or admissions of fact' or the 'application of law to fact' are deemed admitted as provided for in [Federal] Rule [of Civil Procedure] 36(a)."  (Adv. Dkt. No. 27).

The Request for Admissions served on Smith, to which no proper response was provided, include the following purported admissions:

> 1.  [Smith has] not submitted an Application for Title to the State of Mississippi, Department of Revenue, Title Bureau transferring title to the 1999 Jeep Cherokee, VIN 1J4GW5887XC594993 to [the Debtor].
>
> 2.  [Smith's] actions violated the automatic stay.

---

[5] On the same day that the Debtor filed the Rule 36 Motion, the Debtor filed Plaintiff's Motion *in Limine* (Adv. Dkt. No. 16) in which the Debtor sought similar relief.  The Summary Judgment Motion does not refer to the Plaintiff's Motion *in Limine* or the Order on Plaintiff's Motion *in Limine* (Adv. Dkt. No. 28) rendered in favor of the Debtor.  The Court, therefore, will not consider the Order on Plaintiff's Motion *in Limine* in ruling on the Summary Judgment Motion.  *See* FED. R. CIV. P. 56(c)(3).

3.   [Smith has] not contacted the Chapter 13 Trustee, James L. Henley, Jr., concerning why [he is] not receiving plan payments from [the Debtor].

4.   [Until Smith] submit[s] an Application for Title transferring title to the 1999 Jeep Cherokee, VIN 1J4GW5887XC594993 to [the Debtor, the Debtor] is unable to purchase a tag for said vehicle.

5.   [Until Smith] submit[s] an Application for Title transferring title to the 1999 Jeep Cherokee, VIN 1J4GW5887XC594993 to [the Debtor, the Debtor] is unable to purchase insurance on said vehicle.

6.   [Smith's] refusal to submit the Application for Title transferring title to the 1999 Jeep Cherokee, VIN 1J4GW5887XC594993 to [the Debtor], was with the specific intent to collect upon a debt which [Smith] claim[s] was due [him] from [the Debtor].

7.   [Smith's] actions willfully violated the automatic stay.

8.   [Smith] did not seek relief from the automatic stay from the bankruptcy court to withhold the transfer of title to the [Debtor] in [his] effort to collect upon a debt which [Smith] claim[s] was due to [him] from [the Debtor].

9.   [Smith's] actions were to collect or recover a claim against the debtor that arose before the commencement of the Chapter 13 proceeding.

(Adv. Dkt. No. 33, Ex. F).

Consistent with the Court's holding in the Rule 36 Order, the Court must determine which of the above purported admissions by default are "statements or admissions of fact" or the "application of law to fact" within the purview of Rule 36(a)(3). In that regard, the Court finds that Request for Admission No. 2 (that "[Smith's] actions violated the automatic stay") and Request for Admission No. 7 (that "[Smith's] actions willfully violated the automatic stay") are both legal conclusions, rather than statements of fact. Because they are beyond the scope of Rule 36, the Court will not consider them admitted by Smith. *See McConkie v. Nichols*, 392 F. Supp. 2d 1 (D. Me. 2005) (holding that Rule 36 does not authorize a request for an admission of a point of law), *aff'd*, 446 F.3d 258 (1st Cir. 2006); 8B CHARLES ALAN WRIGHT, ARTHUR R. MILLER &

RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2255, at 334 (3d ed. 2010) (noting that Rule 36 does not allow a request for admission of a pure matter of law.)  On the other hand, the Court finds that the remaining admissions are properly deemed admitted and, pursuant to Rule 36(a) and the Rule 36 Order, constitute part of the summary judgment record.

**Discussion**

**A.      Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure, made applicable to the Adversary by Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides in relevant part that "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a). Summary Judgment is not disfavored, but rather is looked upon as an important process through which parties can obtain a "just, speedy and inexpensive determination of every action."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (citations omitted).

Summary judgment is properly entered when the "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" show that there is no genuine issue as to any material fact and that the movant  is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c)(1); *Celotex*, 477 U.S. at 322.  The initial burden is on the movant to specify the basis upon which summary judgment should be granted and to identify portions of the record that demonstrate the absence of a genuine issue of material fact.  FED. R. CIV. P. 56(c)(1); *Celotex*, 477 U.S. at 322.  The burden then shifts to the non-movant to come forward with specific facts, supported by the evidence in the record, upon which a reasonable factfinder could find there to be a genuine fact issue for trial.  *Anderson v. Libery Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Summary Judgment should be

granted where the non-movant "has failed to make a sufficient showing on an essential element of [the] case with respect to which [the party] has the burden of proof." *Celotex*, 477 U.S. at 322-23. As discussed previously, admissions by default are a proper basis for summary judgment if they show that there are no genuine issues of material fact for trial. *See W. Horizontal Drilling, Inc. v. Jonnet Energy Corp.*, 11 F.3d 65, 70 (5th Cir. 1994).

## B.      Willful Violation of the Automatic Stay

Upon the filing of a bankruptcy petition, § 362 imposes an automatic stay upon almost any action by a creditor designed to collect a debt from the debtor, including any attempt to obtain possession of or exercise control over property of the estate. 11 U.S.C. § 362(a)(3). Unless and until a creditor successfully obtains a motion for relief from the stay by invoking the established procedures set forth in the U.S. Bankruptcy Code, the stay operates as a self-executing injunction. *Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348, 354-55 (5th Cir. 2008). The purpose behind the automatic stay in § 362 is to allow a debtor "breathing room" so that the debtor may try to reorganize without interference from debt collectors. *Templeton Mortg. Corp. v. Chesnut (In re Chesnut)*, 422 F.3d 298, 301 (5th Cir. 2005) (quotation omitted).

The Debtor here alleges in the Complaint that Smith "exercised control" over the Jeep within the meaning of § 362(a)(3). The prohibition against conduct "exercising control" over estate property was added to § 362(a)(3) by Congress in 1984. Pub. L. No. 98-353 1984 U.S.C.C.A.N. (98 Stat.) 371. The amendment has been interpreted to expand § 362(a)(3) to prohibit, for example, not only a creditor's repossession of estate property but also a creditor's continued retention of repossessed property. *Thompson v. G.M.A.C., LLC*, 566 F.3d 699, 702-03 (7th Cir. 2009).

Should the stay be violated, Congress has provided debtors with a private right of action to sue for "willful violations" of the automatic stay under § 362(k). *Campbell*, 545 F.3d at 355. Specific intent to violate the automatic stay is not required to prove that a creditor's violation was "willful." *Id.* Instead, the United States Court of Appeals for the Fifth Circuit has established a three (3)-part test for a claim under § 362(k): (1) the creditor must have known of the existence of the stay, (2) the creditor's acts must have been intentional, and (3) the creditor's acts must have violated the stay. *Young v. Repine (In re Repine)*, 536 F.3d 512, 519 (5th Cir. 2008).

In this matter, the summary judgment evidence shows that on multiple occasions Smith has refused to furnish the application for a new certificate of title[6] to the Debtor, although the Debtor's counsel made Smith aware of the bankruptcy filing and the automatic stay in two (2) telephone conversations. (Compl. ¶ 10). The Debtor, therefore, has met the first two (2) elements of the three (3)-part test under § 362(k) as a matter of law. With regard to the third element, Smith denies in his Answer that he violated the stay, protesting that "I have not taken any action toward or against [the Debtor]. The only action being an inaction of not sending in title work." (Answer ¶ 2). Thus, the issue presented by the Summary Judgment Motion is whether the Debtor has shown that Smith's deliberate refusal to act meets the third element of a willful violation of the stay in light of Smith's narrow interpretation of § 362(a)(3).

By way of background, the Mississippi Motor Vehicle and Manufactured Housing Title Law, MISS. CODE ANN. §§ 63-21-1 to 63-21-111, requires a dealer[7] to furnish the purchaser of a

---

[6] The deemed admissions describe Smith's obligation in this way, although Smith's only affirmative duty may be to assign the original certificate of title. MISS. CODE ANN. § 63-21-37.

[7] A "dealer" is defined as "every person engaged regularly in the business of buying, selling or exchanging motor vehicles . . . in this state, and having in this state an established place of business." MISS. CODE ANN. § 63-21-5(b).

motor vehicle an application for a certificate of title "and cause to be forwarded to the State Tax Commission any and all documents required by the commission to issue [a] certificate of title to the purchaser or transferee." MISS. CODE ANN. § 63-21-9(1)(b). Within seven (7) days after acquiring a vehicle, the new owner must apply for a Mississippi privilege license tag. *Id.* § 63-21-69. The application for a privilege license must be accompanied by the application for certificate of title.[8] *Id.*

Smith professed in the Answer that he has not violated the stay because he has not attempted to repossess the Jeep, although the Debtor works near his place of business, and Smith sees him every day driving the Jeep to work. (Answer ¶¶ 2-3). In other words, Smith believes that his refusal to assist the Debtor in obtaining a new certificate of title to the Jeep does not violate § 362(a)(3) because the automatic stay does not cover his passive conduct. (Answer ¶ 2).

The Court finds that Smith's passive act of holding on to the existing certificate of title falls within the ambit of the Code's definition of "exercising control" over the Debtor's possession and use of the Jeep. *See TranSouth Fin. Corp. v. Sharon (In re Sharon),* 234 B.R. 676, 682 (B.A.P. 6th Cir. 1999)*; In re Banks*, 253 B.R. 25, 31 (Bankr. E.D. Mich. 2000) ("Courts find a violation of the stay based on an act of omission when a creditor fails to cure a previous violation of the stay or otherwise restore the status quo.") (citation omitted). Smith's refusal to relinquish the certificate of title prevents the Debtor from lawfully driving the Jeep on Mississippi's streets and highways. *See* MISS. CODE ANN. § 63-21-69. To comply with Mississippi law, the Debtor must refrain from driving the Jeep, which has the same effect on the Debtor as if Smith had repossessed the Jeep pre-petition and had refused to return it post-

---

[8] If the owner of the vehicle already has a certificate of title, then the original certificate of title may accompany the application for a license tag, but if the original certificate is in the hands of a lienholder, then a duplicate certificate of title is sufficient. MISS. CODE ANN. § 63-21-69.

petition.  *See Whiting Pools, Inc.*, 462 U.S. at 209-11.  In that regard, there are numerous cases holding that a creditor's continued retention of estate property after receiving notice of a bankruptcy filing constitutes "exercising control" over that estate property and that such inaction violates the stay.  *See Foust v. Seal (In re Foust)*, No. 98-50774-SEG, 2000 WL 33769159, at *4 (Bankr. S.D. Miss. July 18, 2000) (collecting cases).  This analysis is unchanged by the Debtor's apparent decision to drive the Jeep unlawfully and to accept the risk and consequences of doing so, as demonstrated by the traffic tickets he received on August 2, 2013.

By preventing the Debtor from registering the Jeep in his name, Smith wields a powerful collection tool and a powerful incentive for the Debtor to pay the debt.  This is precisely the type of financial pressure that § 362 was designed to prevent.  The principle behind chapter 13 is to allow a debtor to reorganize and repay most of his debts without having to liquidate his assets. Here, without lawful transportation to his job, the Debtor's ability to generate money to contribute to his Plan and pay down his debts is hindered.

Moreover, as a secured creditor, Smith is not without a potential remedy that complies with the U.S. Bankruptcy Code.  *See* 11 U.S.C. § 362(d); *see also* FED. R. BANKR. P. 4001(a)(2). Instead, Smith chose to withhold the certificate of title and use it as leverage for payment of his claim.  For the above reasons, the Court finds that the Debtor is entitled to summary judgment that Smith's actions willfully violated the automatic stay.

### Conclusion

The Court finds that the Summary Judgment Motion should be granted.  There is no genuine issue of material fact regarding Smith's willful violation of the automatic stay. Accordingly, the Debtor is entitled to a judgment as a matter of law, including a mandatory injunction requiring Smith to submit an application for a new certificate of title to the State Tax

Commission, Department of Revenue, Title Bureau, transferring title of the Jeep to the Debtor within fourteen (14) days of the date of a final judgment.  A separate order will be entered consistent with this Opinion.  A final judgment, however, will not be entered until the final disposition of the Adversary.  By separate notice, the Court will set a status conference for the purpose of scheduling a date and time for a trial on the issue of damages, including attorney's fees and costs.

##END OF OPINION##