___

SO ORDERED,

*[signature]*

**Judge Neil P. Olack**
**United States Bankruptcy Judge**
**Date Signed: February 25, 2014**

The Order of the Court is set forth below. The docket reflects the date entered.
___

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **IN RE:** | |
| **JOSEPH R. PARKER,** | **CASE NO. 12-01324-NPO** |
| **DEBTOR.** | **CHAPTER 13** |
| **JOSEPH R. PARKER** | **PLAINTIFF** |
| **VS.** | **ADV. PROC. NO. 13-00032-NPO** |
| **BILLY RAY SMITH** <br> **D/B/A SMITH AUTOMOTIVE** | **DEFENDANT** |

### MEMORANDUM OPINION AND ORDER
### DENYING REQUEST TO REVERSE RULING

There came on for hearing on February 24, 2014 (the "Hearing"), the Request to Reverse Ruling (the "Motion") (Adv. Dkt. No. 43),[1] filed by Billy Ray Smith, d/b/a Smith Automotive ("Smith"), and Plaintiff's Response to Billy Ray Smith's Request to Reverse Ruling (the "Response") (Adv. Dkt. No. 49), filed by the Debtor, Joseph R. Parker (the "Debtor"), in the above-referenced adversary proceeding (the "Adversary"). At the Hearing, the Debtor was represented by Edwin F. Tullos. Neither Smith nor anyone on his behalf appeared at the Hearing.

---

[1] Unless otherwise stated, citations to docket entries in the adversary proceeding, Adv. Proc. No. 13-00032-NPO, are cited as "(Adv. Dkt. No. ____)," and docket entries in the main bankruptcy case, Case No. 12-01324-NPO, are cited as "(Bankr. Dkt. No. ____)".

**Jurisdiction**

The Court has jurisdiction over the parties to and the subject matter of this case pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), and (O). Notice of the Motion was proper under the circumstances.

**Facts**

On April 18, 2012, the Debtor filed a petition for relief under chapter 13 of the U.S. Bankruptcy Code. (Bankr. Dkt. No. 1). Almost one year later on April 24, 2013, the Debtor commenced this Adversary by filing a Complaint for Contempt of Court, Sanctions, and Other Relief (the "Complaint") (Adv. Dkt. No. 1). The Debtor alleged in the Complaint that Smith willfully violated the automatic stay pursuant to 11 U.S.C. § 362(a)(3)[2] by refusing to furnish the Debtor a certificate of title for a 1999 Jeep Cherokee (the "Jeep") that he had purchased from Smith on February 21, 2012.

Smith filed the Answer to Complaint (the "Answer") (Adv. Dkt. No. 5) on April 30, 2013, asserting that the Debtor purchased the Jeep "with full intention of defrauding his committment [sic] to Smith." (*Id.*). Relevant to the present Motion, the second unnumbered paragraph of Smith's Answer provided:

> I have not taken any action toward or against Mr. Parker. *The only action being an inaction of not sending in title work.* A full year of payments are due me through bankruptcy I have not received. We are also considering fraud charges against [the Debtor] at this time.

(Answer ¶ 2) (emphasis added).

---

[2] Section 362(a)(3) provides, in pertinent part, that "a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of . . . any act to obtain possession of property of the estate or of property from the estate or *to exercise control over property of the estate*." 11 U.S.C. § 362(a)(3) (emphasis added). From this point forward, references to code sections will be to the U.S. Bankruptcy Code found in title 11 of the U.S. Code unless otherwise noted.

The Debtor served Smith with Request for Admissions (the "Request for Admissions") (Adv. Dkt. No. 15, Ex. A) on June 18, 2013. On June 24, 2013, Smith wrote a letter to counsel for the Debtor in which he reiterated the stance he asserted earlier in the Answer. (Adv. Dkt. No. 33, Ex. G). Smith, however, did not serve a written answer or objection specifically addressing any of the matters in the Request for Admissions.

On September 13, 2013, after the expiration of thirty (30) days from the date of service of the Request for Admissions, the Debtor filed a Motion to Deem Facts Admitted (the "Rule 36 Motion") (Adv. Dkt. No. 15) asking the Court to find each request admitted by default. Smith did not file a written response to the Rule 36 Motion. At the first hearing on the Rule 36 Motion held on September 23, 2013, Smith appeared and requested additional time to respond to the Rule 36 Motion. The Court granted Smith an additional thirty (30) days to respond and reset the Rule 36 Motion for hearing on November 4, 2013. (Adv. Dkt. No. 20).

Despite being granted the extension of time, Smith failed to file a response to the Rule 36 Motion. He also failed to appear at the second hearing on the Rule 36 Motion held on November 4, 2013. The Court, therefore, entered the Order on Plaintiff's Motion to Deem Facts Admitted (the "Rule 36 Order") (Adv. Dkt. No. 27), granting the Rule 36 Motion.

The Request for Admissions, to which Smith failed to respond and which the Court deemed admitted, included the following admissions relevant to the Motion:

> 1. [Smith has] not submitted an Application for Title to the State of Mississippi, Department of Revenue, Title Bureau transferring title to the 1999 Jeep Cherokee, VIN 1J4GW5887XC594993 to [the Debtor].
>
> 2. [Until Smith] submit[s] an Application for Title transferring title to the 1999 Jeep Cherokee, VIN 1J4GW5887XC594993 to [the Debtor, the Debtor] is unable to purchase a tag for said vehicle.

(Adv. Dkt. No. 33, Ex. F).

The Debtor then filed the Plaintiff's Motion for Summary Judgment (the "Summary Judgment Motion") (Adv. Dkt. No. 33) on December 11, 2013. Smith did not file a response to the Summary Judgment Motion. On January 6, 2014, the Court issued a Memorandum Opinion and Order Granting Plaintiff's Motion for Summary Judgment (the "Opinion") (Adv. Dkt. No. 37) and an Order Granting Plaintiff's Motion for Summary Judgment (the "Order") (Adv. Dkt. No. 38). The Court based its ruling on the deemed admissions in the Answer and the unanswered Request for Admissions. *See W. Horizontal Drilling, Inc. v. Jonnet Energy Corp.*, 11 F.3d 65, 70 (5th Cir. 1994) (holding that admissions by default are a proper basis for summary judgment if they show there are no genuine issues of material fact for trial). The summary judgment evidence, consisting of the admissions, showed that on multiple occasions Smith had refused to furnish the application for a new certificate of title to the Debtor, although the Debtor's counsel had made Smith aware of the bankruptcy filing and the automatic stay.

In the Opinion and Order, the Court issued a mandatory injunction requiring Smith to submit an application for a new certificate of title to the State Tax Commission, Department of Revenue, Title Bureau "within fourteen (14) days of the date of a final judgment." (Op. at 13). The Court set March 26, 2014, as the date for a trial on the issue of damages, including attorney's fees and costs, that the Debtor was entitled to receive. The Court noted in the Opinion that a "final judgment . . . will not be entered until the final disposition of the Adversary." (Op. at 13). The hearing on the damages issue has not yet taken place.

In the Motion, Smith asks the Court to reverse its ruling. Smith alleges in his Motion that "[w]hen ask[ed] last year to send in title work by [the Debtor's] attorney[,] it was done." (Mot. ¶ 1). He attached to the Motion a copy of a certificate of title (the "Title"), dated October 4, 2013, showing the Debtor as the owner of the 1999 Jeep and "Smith Automotive" as the first

lienholder. (Mot. at 4, Ex. C). Smith contends in the Motion that he applied for the Title in July 2013 and received it in October 2013, which is more than two (2) months before the Debtor filed the Summary Judgment Motion and more than three (3) months before entry of the Opinion and Order.

Smith also attached to the Motion a letter from L. Wesley Broadhead ("Broadhead"), an attorney, informing Smith that he had reviewed the documents Smith gave him and had concluded from his review that Smith "need[ed] advice from someone who routinely does bankruptcy." (Mot. at 3, Ex. B). If the letter is what it appears to be, Broadhead ended his legal representation of Smith in the Adversary on January 7, 2014, one (1) day after the issuance of the Opinion and Order. There is no evidence in the record indicating when Smith first contacted Broadhead or how long Broadhead represented Smith in the Adversary.

## Discussion

There is no specific mechanism in the Federal Rules of Civil Procedure or in the Federal Rules of Bankruptcy Procedure governing a request to "reverse a ruling." The Fifth Circuit Court of Appeals has held that a motion that challenges a *final* judgment on the merits should be treated either as a motion to alter or amend under Rule 59(e) of the Federal Rules of Civil Procedure or as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *overruled on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994). Here, however, the Opinion and Order are not final, but interlocutory, orders, and, therefore, neither Rule 59 nor Rule 60 applies.

Because the Opinion and Order are interlocutory in nature, the Court retains the power under Rule 54(b) of the Federal Rules of Civil Procedure ("Rule 54(b)")[3] "to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."  *Saqui v. Price Cent Amer., LLC*, 595 F.3d 206, 210 (5th Cir. 2010) (quotation omitted).  Rule 54(b) provides:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b).

Notably, to the present date, Smith has not sought leave of Court to amend his Answer to show that he has obtained Title to the 1999 Jeep in the Debtor's name.  Indeed, the first mention of Smith's application for, and receipt of, the Title is in the present Motion.

Smith's explanation as to why he failed to submit the Title in opposition to the Summary Judgment Motion is that his attorney abandoned him the day after the Court issued its decision. The Fifth Circuit, however, has held that courts may deny relief sought under Rule 59 to "rescue" a litigant from an alleged error by his attorney.  *Lavespere*, 910 F.2d at 175 (affirming denial of Rule 59 motion).  The Fifth Circuit also has held that an undue delay to provide evidence available at the time a judgment is entered is grounds for denying a motion for reconsideration filed under Rule 59.  *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).  Although these decisions by the Fifth Circuit were reached in the context of a motion to reconsider under Rule 59, they provide some support for the denial of the present Motion on the

---

[3] Rule 7054(a) of the Federal Rules of Bankruptcy Procedure makes Rule 54(b) applicable to adversary proceedings.

ground that Smith could, and should, have provided the Title in opposition to the Summary Judgment Motion, if not sooner.

Discounting Smith's delay in producing the Title, Smith has not shown sufficient reason in the Motion for the Court to reverse its ruling. The grounds for the Court's conclusion that Smith violated the automatic stay remain the same. Smith's procurement of the Title after the Complaint was filed does not change the facts supporting Smith's liability under the three-part test for a claim under § 362(k):[4] Smith intentionally withheld the Title in violation of the automatic stay after he became aware of the Debtor's bankruptcy filing. Smith's procurement of the Title, however, may be relevant as to the issue of damages, a matter set for hearing on March 26, 2014.

## Conclusion

For two (2) months, Smith sat on the Title without bringing it to the attention of the Court or the Debtor. He did so even though he had represented in his Answer that he had not applied for the Title, and he knew that the Summary Judgment Motion was pending in the Adversary. Because Smith failed to oppose the Summary Judgment Motion, there was no evidence in the record that disputed the Debtor's factual assertion that Smith was continuing to refuse to procure the Title. Moreover, Smith's delayed production of the Title is insufficient grounds for reversal of the Opinion and Order. Finally, Smith failed to attend the Hearing on the Motion. For all of the above reasons, the Court concludes that the Motion should be denied.

IT IS HEREBY ORDERED that the Motion is denied.

##END OF OPINION##

---

[4] The three (3)-part test for a claim under § 362(k) is: (1) the creditor must have known of the existence of the stay, (2) the creditor's acts must have been intentional, and (3) the creditor's acts must have violated the stay. *Young v. Repine (In re Repine)*, 526 F.3d 512, 519 (5th Cir. 2008).